Vickery, J.
This cause comes into this court on petition in error from the municipal court of 'the city of Cleveland, the relation of the parties being the same as in the court below, where D. Kanelles brought an action to recover the sum of $744, being the amount of money and valuables that he deposited with a man in charge of the Hotel Ohio, owned and operated by Mrs. Ida J. Locke, the defendant, in which action he failed.
*211 It seems that Mrs. Locke was running the Hotel Ohio, in 1627 Prospect avenue, Cleveland; that on the 23d of December, 1918, at the hour of one o’clock in the morning, Mr. Kanelles applied, with a friend, and was received as a guest in said hotel, and paid the sum of $2 for a room, to which they were assigned; that in the hotel were notices posted as is required of innkeepers under the law of Ohio; that after they were shown to a room Kanelles told the man who appeared to be in charge, and who showed them to the room, that he desired to leave his money and valuables with the hotel proprietor for the night, whereupon they all returned to the office and the man in charge wrote out a receipt describing $484 in currency, a diamond stickpin and two checks for $5 each; that the man signed this receipt with the name of the proprietress of the hotel, Mrs. Locke, by him, and gave it to Kanelles, after which he, Kanelles, retired; that in the morning he presented the receipt to Mrs. Locke and requested the return of his money and valuables, whereupon he learned that this man who apparently was in charge of the office was not in the employ of Mrs. Locke at all, and, as she claimed, had no authority to receive the money or valuables; that upon going to the room of this man Mrs. Locke found that he had absconded, taking the money and valuables with him; and that Mrs. Locke refused to make good the loss to her guest and the action was brought, resulting in a verdict 'for the defendant.
We have gone over this bill of exceptions carefully, and it shows that this man who signed the receipt, J. C. .Clemens, was and had been for some *212 time a roomer in this hotel. We further find that the hotel was open to receive visitors at this time in the morning, or night, and that no one was in the office to take charge of guests who might arrive except this person Clemens and a young lady who was also a boarder or lodger in the hotel; that when the plaintiff entered with his friend and asked for a room, Clemens, who appeared to be in charge, got up and went behind the counter, had them register, got the key from its proper place, assigned them to a room, and took them to their room; and that after they had gone to the room, when the plaintiff requested that the hotel take charge of his valuables, they went down to the office, and with the help of the young lady wrote a receipt which at first was not satisfactory, and then wrote the receipt of which the following is a copy:
“Mr. D. Kanalos, Man in Room 111 Gave me 1 Diamond pin and $484.00 in bills and 2 $5.00 checks.
“Mrs. Locke
“Hotel Ohio
“per J. C. Clemens.”
During this' time the only person who appeared in charge of the office was this man Clemens. Whether Mrs. Locke had turned over the office to him to do these things we are not able to determine; but the fact remains that he was the only person there, apparently in charge of a public office that was receiving guests at that time in the morning or night, and that plaintiff became a guest and had a right to turn his valuables over to the hotel *213 for safe-keeping, in accordance with the notices published in the hotel. We think the plaintiff was warranted in believing that this man in charge was the duly authorized agent for the purpose of receiving guests and receiving for safe-keeping valuables of the guests.
It is claimed by the defendant that this man was not her agent and had no authority to receive valuables or do anything around the hotel, and that therefore she was not responsible for any money or valuables that might bé deposited with him. We can not acquiesce in this doctrine. An agency may be created by estoppel, and that estoppel may be allowed on the ground of negligence or fault on the part of the principal, upon the principle that when one of two innocent parties must suffer loss, the loss will fall on him whose conduct brought about the situation. 2 Corpus Juris, 462, and cases cited.
Here the proprietress of this hotel left this man in the office either designedly or negligently, clothed with apparent authority to do what hotel clerks usually do, and one who came in for the purpose of becoming a guest, and did become a guest, might reasonably conclude that he had apparent authority to do what clerks under similar circumstances would have a right to do.
In Curtis v. Murphy, 63 Wis., at page 4, we find this doctrine:
“A traveler who goes to a hotel at night and finds a clerk in charge of the office, assigning rooms, etc., has the right to assume that, such clerk represents the proprietor and has authority to take *214 charge of money which may be handed him foe safe-keeping.”
And in that case the supreme court of Wisconsin held the hotelkeeper responsible under circumstances similar to those in the case at bar.
In 14 Ruling Case Law, 531, we find this doctrine :
“A delivery of goods to one not authorized to receive them is not a delivery to the innkeeper, but a person need not be expressly authorized to receive the property. A guest is justified in assuming that a clerk in charge of the office of the inn represents the proprietor and has authority to take charge of money which may be handed to him for safekeeping, and a deposit with an employee of the innkeeper, who, by his conduct and position in the hotel, leads one to infer'that he represents the innkeeper for the purpose of receiving property for safekeeping, is' deemed a deposit with the innkeeper for which he is responsible as such.”
Above authority cites many cases, among which is Houser v. Tully, 62 Pa. St., 92, where we find the doctrine laid down that an innkeeper is bound to pay for goods stolen in his house from a guest unless stolen by the servant or companion of the guest. And in the same case: “In case of a loss at an inn, the innkeeper is liable, although sick or absent.”
Again, in the same case:
“An innkeeper is not liable for the loss or embezzlement of his guest’s money when he does not deposit it on the security of the inn, but intrusts it to another guest or inmate in whom he reposes his confidence.”
*215 These authorities, and others, show that where an innkeeper has permitted one to occupy a position which would tend to mislead the public, he can not divest himself of the liability; for the agency of the person presuming to act under such circumstances is created by estoppel, and cases of estoppel are limited to those in which there is no real, but only apparent agency, and here was an apparent agency. Accordingly we think the principle alluded to above, namely, that where one of two innocent persons must suffer loss, the loss will fall on him whose conduct brought about the situation, is applicable here. In the case of Pettinger v. Alpena Cedar Co., 141 N. W. Rep., 535, this doctrine is again established and elaborated upon.
But it is said that the defendant in this action was not an innkeeper within the meaning of the law of innkeepers, because, forsooth, the Ohio Hotel does not furnish food as well as lodging. We can not accede to this doctrine, for, if it were established, no hotel run under the European plan would come under the law of innkeepers, nor would it be liable for loss of goods delivered to a person apparently representing the hotel. It is true that early in the history of law an innkeeper furnished all sorts of entertainment, including liquid entertainment, and food especially; but the modern custom of conducting hotels would necessarily create a departure from the rigid doctrine of the early law cases.
In the case at bar Mrs. Locke, the defendant, had complied with all the requirements of the statute to relieve innkeepers from liability by posting the notices required by law, and we think that she was *216 an innkeeper within the meaning of the law; we think that she by her voluntary act, or by her negligent act, had placed someone in a position where it would appear to anyone coming in to become a guest at the hotel that he was properly in charge, and that therefore she made herself by her conduct responsible for his acts, acting within the apparent scope of a clerk or employe in a hotel, to receive property of her guests; and we think the court was clearly wrong in holding that there was no responsibility and in rendering a judgment against the plaintiff for costs. For tHes'e reasons the case will be reversed and remanded to the municipal court for further proceedings in accordance with law.

Judgment revérsed, and cause remanded.

Dunlap, P. J., and Wasi-iburn, J., concur.